490 P.2d 6

**In the Matter of a Member of the State Bar of Arizona, Charles B. TANNER, Respondent.**

**No. 10523.**

Supreme Court of Arizona,
In Banc.
Nov. 1, 1971.

Charles A. Filler, Phoenix, for the State Bar of Ariz.

CAMERON, Justice.

Several charges were filed against Charles B. Tanner alleging various violations of the Canons of Professional Ethics. After a hearing at which time the attorney was present and testified in his own behalf, the Administrative Committee for District 4–A recommended that Charles B. Tanner be disbarred. The recommendation of the Committee was adopted by the Board of Governors of the State Bar of Arizona and forwarded to this court on 18 May 1971. The respondent attorney did not contest the matter before the Board of Governors or this court.

The report of the Committee noted that the respondent had been suspended for non-payment of dues on 17 July 1969.

The Committee found:

*"Count I and Count II:*

"1.   Respondent, Charles B. Tanner, failed and neglected to account to Dallas Harold Ellis, Jr., his client, for the sum of $690.00 paid by said client to Respondent for legal services in and during 1968 and 1969, of which services Respondent performed only a portion.

\*      \*      \*      \*      \*      \*

"4.   In January, 1970, after said client had made a complaint to the State Bar of Arizona, Respondent agreed to pay back to said client a sum between $250.00 and $300.00, of which amount not more than $15.00 was ever paid.

\*      \*      \*      \*      \*      \*

"6.   Respondent, in and during the summer of 1969, did not maintain a regular law office, or business address, but operated his law practice from the address and phone of a used car dealer, and the phone and premises of a cocktail lounge, in Phoenix, Arizona.

"7.   Respondent failed and neglected to advise and inform said client, Dallas Ellis, Jr., that the trial of the said matter was set for August 18, 1969, at Flagstaff, Arizona, which resulted in said client being arrested and jailed for a short period for failure to appear at said trial.

"8.   Respondent failed and neglected to inform said client that he could not represent said client at the trial, by reason of having been suspended from the State Bar of Arizona as aforesaid.

*"Count III and Count IV:*

\*      \*      \*      \*      \*      \*

"10.   Respondent, on July 24, 1969, and September 16, 1969, acted as the attorney of record for a client, Clifford Holland, on a Driving While Intoxicated charge before a Justice Court.

*"Count V:*

"11.   Respondent, in or about August, 1969, received $20.00 from June Vinson, and an old car as and for court costs and attorney's fees for representing the said June Vinson in a divorce proceeding.

\*      \*      \*      \*      \*      \*

"13.   Respondent did prepare a complaint and acceptance of service, but did not actually file an action.

"14.   Respondent failed and neglected to account to the said client, June Vinson, for the said money and property given to him as and for costs and attorney's fees to obtain a divorce.

"15.   The said Client, June. Vinson, ultimately obtained a divorce through the services of another attorney."

The Local Committee also found:

"16.   Respondent admittedly had a serious drinking problem during the summer of 1969, and for several years prior thereto, which was detrimental to his professional representation of his clients, including Dallas Ellis, Jr., Clifford Holland and June Vinson."

Upon these findings of fact, the Committee recommended that Mr. Tanner be disbarred.

▆▆▆   Having reviewed the record, including the testimony of the respondent before the Local Committee, we adopt the findings and recommendations of the Committee and the Board of Governors. While there is no evidence of any "malicious" misconduct on the part of the respondent, the public must be protected from the types of misconduct practiced by the respondent.   As this court has previously stated:

"The protection of the public, not the punishment of the attorney guilty of unprofessional conduct, is the rule by which the courts are guided in solving the question whether a member of the bar should be allowed to continue to practice \* \* \*."   In Re Russell, 57 Ariz. 395, 406, 114 P.2d 241, 245 (1941).

For the above reasons, and in the best interests of the public, we order that the respondent, Charles B. Tanner, be disbarred.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.